IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SARA BERKLEY,[1] | § | |
| | § | |
| Respondent Below-Appellant, | § | No. 357, 2017 |
| | § | |
| v. | § | |
| | § | |
| KRISTY CALHOUN, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| Petitioner Below-Appellee, | § | |
| | § | File Nos. CK15-02648 |
| | § | Pet. Nos. 15-026543 and 15-20226 |
| and | § | |
| | § | |
| BRANDON BERKLEY and TAMARA CALHOUN, | § | |
| | § | |
| | § | |
| Respondents Below-Appellees. | § | |
| | § | |

Submitted: February 23, 2018
Decided: May 4, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Sara Berkley ("Paternal Grandmother"), filed this appeal from an order of the Family Court dated August 3, 2017.  Among other things, the

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

Family Court's order granted two petitions for guardianship filed by the appellee, Kristy Calhoun ("Maternal Grandmother"). After careful consideration, we find no error or abuse in the Family Court's judgment. Accordingly, we affirm.

(2) The record reflects that the appellees, Brandon Berkley ("Father") and Tamara Calhoun ("Mother"), are the parents of two children, M.C. (born July 31, 2010) and C.B. (born April 12, 2013).[2] Father and Mother are both addicts and have spent time incarcerated. In April 2015, Paternal Grandmother filed an emergency, *ex parte* petition for guardianship of the children, which was granted. The children have lived with Paternal Grandmother, her husband, and six of their nine children since the issuance of that emergency order.

(3) Maternal Grandmother filed a petition for guardianship of M.C. in August 2015 and a petition for guardianship of C.B. in June 2016. After various continuances were requested and granted, the Family Court held a hearing on the petitions on June 8, 2017.[3] The Family Court heard testimony from an employee at People's Place (a supervised visitation site), Maternal Grandmother's therapist,

---

[2] C.B. has suffered from numerous health issues, including bacterial meningitis, since birth and spent five months in A.I. DuPont Hospital for Children.

[3] In addition to Maternal Grandmother's petitions for guardianship, evidence at the scheduled hearing also encompassed a Petition for Third Party Visitation filed by Maternal Grandmother's mother ("Maternal Great-Grandmother") against Paternal Grandmother, Maternal Great-Grandmother's Petition for a Rule to Cause against Paternal Grandmother, and Father's Petition for Visitation against Paternal Grandmother. The Family Court's rulings on these petitions are not at issue in this appeal. Despite Paternal Grandmother's attempts to argue that the Family Court erred in failing to grant Father's visitation petition, Father did not file an appeal from the ruling. Paternal Grandmother lacks standing to present such an argument on Father's behalf.

Maternal Grandmother, Maternal Great-Grandmother, Paternal Grandmother, Mother, and Father.

(4)    The undisputed testimony established that Mother and Father were both incarcerated at the time of the hearing and, therefore, the children were dependent in their care.   Mother and Father both consented to Maternal Grandmother's guardianship of the children.  At the time of the hearing, Paternal Grandmother had not allowed Maternal Grandmother contact with the children for more than a year and a half.

(5)    In addition to the undisputed testimony, the Family Court also found that both grandmothers have good relationships with the children and with their extended families.  Before April 2015, Mother (and sometimes Father) and the children lived with Maternal Grandmother.  Since April 2015, the children have adjusted well to living with Paternal Grandmother, and C.B.'s health issues have improved.  Paternal Grandmother, however, has not allowed the children to visit with Maternal Grandmother for more than a year and a half and has refused to share information concerning the children's well-being, schooling, and medical care. Paternal Grandmother also filed a motion to reduce Maternal Great-Grandmother's court-ordered weekly telephone contact with the children and filed a Protection for Abuse petition against her, which was dismissed.

(6)　　In reviewing Maternal Grandmother's petitions for guardianship, the Family Court applied the legal standard set forth in 13 *Del. C.* § 2330(c), which applies when a guardianship petition is filed against a current guardian and each parent consents to the proposed guardianship.[4]　Applying that standard, the court is required to consider the best interests of the children.　The best interest factors are set out in 13 *Del. C.* § 722.[5]

(7)　　In considering the evidence, the Family Court found that some of the best interest factors weighed in favor of Paternal Grandmother, some weighed in favor of Maternal Grandmother, and some were neutral.　The Family Court found that Paternal Grandmother had done a good job caring for the children and that the children were well-adjusted to their current home, school, and community.　The Family Court also found, however, that Paternal Grandmother had shown an unwillingness to cooperate with Mother's side of the family and had damaged the children's relationships with Mother and Mother's family.　The Family Court found evidence that the children would thrive in Maternal Grandmother's care and

---

[4] 13 *Del. C.* § 2330(c) (Supp. 2016).

[5] The best interest factors include: (i) the wishes of the parents regarding the child's custody and residential arrangements; (ii) the wishes of the child regarding the custodians and residential arrangements; (iii) the interaction and interrelationship of the child with parents, grandparents, siblings, persons cohabitating in the relationship of husband and wife with a parent of the child, and any other residents of the household or persons who may significantly affect the child's best interests; (iv) the child's adjustment to home, school, and community; (v) the mental and physical health of all individuals involved; (vi) past and present compliance by both parents with their rights and responsibilities to the child under 13 Del. C. § 701; (vii) evidence of domestic violence; and (viii) the criminal history of any party or any resident of the household.  13 *Del. C.* §722(a).

considered the wishes of both Mother and Father, who consented to Maternal Grandmother's guardianship. After balancing the factors, the Family Court concluded that it was in the children's best interests to grant Maternal Grandmother's petitions for guardianship.

(8) Our appellate review of a Family Court guardianship decision includes a review of both the law and the facts.[6] If the Family Court correctly applied the law, we review for an abuse of discretion.[7] We will not disturb the Family Court's factual findings if those findings are supported by the record.[8] If the determination of facts turns on the credibility of the witnesses who testified under oath in court, we will not substitute our opinion for that of the trial judge.[9]

(9) After careful consideration of the parties' respective positions on appeal and after a thorough review of the record, the Court has determined that this appeal should be affirmed on the basis of the Family Court's well-reasoned decision dated August 3, 2017. It is clear that the trial judge considered the evidence under the appropriate legal standards and applied a logical deductive process in concluding that granting Maternal Grandmother's guardianship petitions was in the best interests of the children. There is no rational support in the record for Paternal

---

[6] *Ogden v. Collins*, 2010 WL 4816059, *5 (Del. Nov. 29, 2010).
[7] *Id.*
[8] *Id.*
[9] *Id.*

Grandmother's contention that the Family Court did not grant her a fair hearing. A careful review of the record belies the assertion that the Family Court did anything other than handle the petitions before it in an orderly manner.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.
Chief Justice